

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA N. ROJAS,

    Plaintiff,

vs.

S & S EXPRESS CAR RENTAL, INC.,
d/b/a/ THRIFTY CAR RENTAL,

    Defendant(s).

CASE NO.

6:00.cv-1390.ORi-19A

## COMPLAINT AND DEMAND FOR JURY TRIAL

### 1. PRELIMINARY STATEMENT

1.    This is an action by the plaintiff for the deprivation of her rights, privileges or immunities secured by the Constitution or laws of The United States of America, arising out of the sex-based and pregnancy-based discrimination of the plaintiff, PATRICIA N. ROJAS, by her former employer, S & S EXPRESS CAR RENTAL, INC. d/b/a THRIFTY CAR RENTAL (hereinafter "THRIFTY").

### 2. JURISDICTION AND VENUE

2.    Jurisdiction of this honorable Court is invoked pursuant to 28 United States Code (U.S.C.) Section 1331 and 28 U.S.C. Section 1343. The rights, privileges, or immunities sought herein to be redressed are those also secured by the 42 U.S.C. Section 2000(e)(k), et seq., Title VII of the Civil Rights Act of 1964 and The Pregnancy Discrimination Act of 1978, as amended.

3.     This cause of action arises out of acts or omissions committed and injuries and

       damages sustained in the Middle District of Florida and venue is proper pursuant

       to 28 U.S.C. Section 1391.


## 3. PARTIES

4.     The plaintiff, PATRICIA N. ROJAS (hereinafter "ROJAS"), is a United States

       citizen and a resident of Brevard County, Florida.  At the time of the acts or

       omissions complained of and the injuries and damages sustained, ROJAS was a

       resident of Brevard County, Florida.

4.     The defendant(s), S & S EXPRESS CAR RENTAL, INC. d/b/a THRIFTY CAR

       RENTAL (hereinafter "THRIFTY"), is a corporation licensed and registered to do

       business in the state of Florida.  THRIFTY has offices and conducts business in

       Brevard County, Florida, among others.


## 4. STATEMENT OF FACTS

5.     The plaintiff is a female.  In October 1999, while employed by THRIFTY,

       ROJAS learned that she was pregnant.  Pursuant to that pregnancy, a son was

       born to ROJAS in May 2000.

6.     ROJAS became employed by THRIFTY in April 1999, in the position of rental

       agent.

7.     In August 1999, ROJAS was promoted to the position of manager.

8.     While ROJAS was employed as a manager, Lisa Brockman was hired by

       THRIFTY as a full-time employee.  At the time, Ms. Brockman was

approximately seven (7) months pregnant. When THRIFTY hired her, it did not know that Ms. Brockman was pregnant.

9. Shortly after Lisa Brockman was hired, she told ROJAS that she was pregnant. ROJAS immediately informed THRIFTY that Ms. Brockman was pregnant. In response, THRIFTY stated to ROJAS that:

    a. Ms. Brockman's pregnancy was not good news and that they should keep a close eye on Ms. Brockman and document everything she did so that THRIFTY could get rid of her i.e. terminate her employment; and

    b. when Ms. Brockman became eligible for health insurance with THRIFTY she would already be on maternity leave, which would then be covered by THRIFTY'S insurance. THRIFTY thus needed to get rid of Ms. Brockman before she became eligible for health insurance.

10. Before her due date, Ms. Brockman voluntarily became a part-time employee, which made her ineligible for health insurance benefits from THRIFTY. THRIFTY then stated to ROJAS that she no longer had to keep a close eye on Ms. Brockman for potential reasons to terminate her employment.

11. ROJAS resigned the position of manager on November 26, 1999. Due to her pregnancy, ROJAS could not meet the requirements of the manager position. THRIFTY accepted her resignation and thereafter employed ROJAS in the position of rental agent.

12. On December 9, 1999, ROJAS was reprimanded in writing by THRIFTY for alleged misconduct related to work. ROJAS disagreed with the allegations of the reprimand, and advised THRIFTY of this in writing.

13.     In February 2000, ROJAS was verbally reprimanded by THRIFTY for alleged misconduct related to work. THRIFTY advised ROJAS that they would suspend her for three (3) days. ROJAS disagreed with the allegations and, as a direct result of ROJAS' contentions, THRIFTY did not suspend her.

14.     On March 23, 2000, THRIFTY terminated ROJAS' employment for alleged violation of company policy. Specifically, THRIFTY claimed that ROJAS used a company vehicle for personal use, which allegedly violated company policy. ROJAS disagreed with this allegation.

15.     Prior to her discharge, ROJAS had frequently used a company vehicle for personal use. THRIFTY was aware of this and had never reprimanded ROJAS for such actions before.

16.     During ROJAS' employment by THRIFTY, THRIFTY employees other than ROJAS frequently used company vehicles for personal use. THRIFTY was aware of this and did not terminate such employees. These employees were not pregnant when they used the company vehicles.

17.     After her discharge, ROJAS applied to the State of Florida for unemployment compensation. THRIFTY appealed the award of unemployment compensation to ROJAS, on the basis that ROJAS was discharged for misconduct related to work. THRIFTY lost its appeal.

## 5.  CAUSE(S) OF ACTION

## COUNT I.

## VIOLATION OF TITLE VII AND THE PREGNANCY
## DISCRIMINATION ACT OF 1978, AS AMENDED.

18.   ROJAS hereby realleges paragraphs 1 through 17 above.

19.   At all times material to this cause of action, ROJAS was a member of a protected

class under Title VII of the Civil Rights Act of 1964 and The Pregnancy

Discrimination Act of 1978, as amended.

20.   At all time material to this cause of action, THRIFTY knew that ROJAS was

pregnant.

21.   At all times material to this cause of action, ROJAS was able to perform the

duties of her position without necessary accommodation from THRIFTY.

22.   THRIFTY reprimanded ROJAS based upon the fact that ROJAS was pregnant,

which violated Title VII of the Civil Rights Act of 1964 and The Pregnancy

Discrimination Act of 1978, as amended.

23.   THRIFTY terminated ROJAS' employment, based upon the fact that ROJAS was

pregnant, which violated Title VII of the Civil Rights Act of 1964 and The

Pregnancy Discrimination Act of 1978, as amended.

24.   No legitimate reason was given by THRIFTY for its discriminatory treatment of

ROJAS.

25.   THRIFTY acted with malice or with reckless indifference to the federally

protected rights of ROJAS.

WHEREFORE, ROJAS requests that she be awarded back pay, prejudgment interest, front pay, money damages for out-of-pocket losses, punitive damages, damages for loss of enjoyment of life, costs, attorney's fees, and such other relief as this Court deems just and equitable.

## 6. DEMAND FOR JURY TRIAL

26.     Plaintiff hereby demands a trial by jury for each Count described above.

WHEREFORE, PLAINTIFF REQUESTS that this Court grant her the relief requested in Count(s) I above, and grant her trial by jury for each of these Counts.

Respectfully submitted,

PIERRE A.L. MOMMERS, Trial Counsel
Florida Bar No. 080731
Pierre A.L. Mommers, Attorney-At-Law
2351 W. Eau Gallie Blvd., Suite 1
Melbourne, FL 32935
Telephone: (407) 751-1000
Facsimile: (407) 752-0027
ATTORNEY FOR THE PLAINTIFF